UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12111-RWZ

HERBERT E. LEE, III

v.

DEUTSCHE BANK NATIONAL TRUST CO.

MEMORANDUM OF DECISION

April 29, 2013

ZOBEL, D.J.

Plaintiff Herbert E. Lee, III, filed a complaint pro se in the Middlesex Superior Court against defendant Deutsche Bank National Trust Co., seeking to declare his mortgage invalid and stay a scheduled foreclosure sale on his residence in Cambridge, Massachusetts. Defendant has moved to dismiss (Docket # 9).

The complaint asserts that plaintiff signed the mortgage in issue with Argent Mortgage Co., LLC ("Argent") on July 11, 2006. Plaintiff alleges he "was shown documents and told that payments would be lower than what the payments really were." Docket # 1, Ex. A (Compl.) ¶ 12. He further alleges that he "realized later on that the monthly payment amounts were different than what was agreed to originally," id. ¶ 5, and that he "would never have agreed to the monthly payment terms as [he] would have no way to pay those amounts and the mortgage company was aware of this," id. ¶ 6. Finally, he alleges that if he had known the correct amount of the payments he would

not have agreed to the mortgage. Id. ¶ 13. These allegations constitute the entirety of the facts supporting the claim of fraud. The record also shows that on January 15, 2009, the mortgage was assigned to defendant which properly recorded the assignment in the Middlesex Registry of Deeds.

 Defendant moves to dismiss on the grounds that the statute of limitations has run, that the allegations of fraud are devoid of the requisite particularity, and that it as an assignee is not liable for any fraud that may have been committed by its assignor Argent. The motion is allowed because the complaint simply does not provide the specificity that is required for claims of fraud under Federal Rule of Civil Procedure 9(b). Indeed, it fails the lower threshold for non-fraud claims set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). Since this failure alone is sufficient to dismiss the complaint, I do not address defendant's other contentions. I also do not address any foreclosure-related issues that may be inherent in plaintiff's suggestion that he did not own the property at the time he gave the mortgage to Argent.

 Defendant's motion to dismiss (Docket # 9) is ALLOWED. Judgment may be entered dismissing the complaint.

|  April 29, 2013  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |